Dear Senator Dirck:
This letter is in response to your questions asking:
 1. Except in Senatorial District No. 2, shall the senatorial district committees of senatorial districts that lie wholly or partially within St. Louis County be constituted in the manner provided by subsection 2 or by subsection 4 of Section 115.619, or by both said sections?
 2. Section 115.615 states, in part, that `The county chairman and vice-chairman so elected shall be (by) virtue thereof become members of the party congressional, senatorial and judicial committees of the district of which their county is a part': Does this mean that the chairman and vice-chairman of the St. Louis County Democratic Central Committee shall be members of all of the senatorial districts which are a part of St. Louis County?
 3. If there is a conflict between a provision of the Constitution of the Missouri State Democratic Party and a provision of state statutory law regarding the members of senatorial district committees in St. Louis County and St. Louis City, which provision takes precedence?
You also state:
 There have been some debate among members of the State Democratic Committee regarding which subsection of section 115.619 prescribes the constitution of the state senatorial district committees for senatorial districts 1, 7, 13, 14, 15 24 and 26. One specific issue regards whether said senatorial district committees should include members from the legislative districts. This question has been answered for senatorial district No. 2 (Attorney General's Opinion Letter No. 131); but clarification is requested for the rest of the senatorial districts in St. Louis County and St. Louis City.
As you have noted, your question is answered in our Opinion No. 131, dated June 23, 1978, to Dames, copy enclosed. In that opinion we concluded that the second senatorial district is governed by both the provisions of subsections 2 and 4 of § 115.619, RSMo.
We understand that the other senatorial districts, 1, 7, 13, 14, 15, 24 and 26 do not contain an entire county, and therefore subsection 2 of § 115.619 does not apply. Such senatorial districts are composed, we understand, in whole of a part of a county (St. Louis County) (Districts 7, 13, 14, 15, 24 and 26) or are composed in part of a part of a city (St. Louis City) and part of a county (St. Louis County) (District 1). Therefore, the makeup of the Senatorial District Committees of Districts 1, 7, 13, 14, 15, 24 and 26 should be in accordance with the provisions of subsection 4 of § 115.619. We believe this answers your first question.
In answer to your second question, § 115.615, RSMo, refers to the organization of the county committee and provides in pertinent part:
 At the meeting, each committee shall organize by electing one of its members as chairman and one of its members as vice chairman, a man and a woman, and a secretary and a treasurer, a man and a woman, who may or may not be members of the committee. The county chairman and vice chairman so elected shall by virtue thereof become members of the party congressional, senatorial and judicial committees of the district of which their county is a part.
No entire county is a part of Districts 1, 7, 13, 14, 15, 24 or 26. The key here is the same as it is in interpreting subsection 2 of § 115.619, whether the entire county lies within the district. Obviously, an entire county does not lie within any of the districts mentioned other than the second district. Therefore, the chairman and vice chairman of the St. Louis County Democratic Central Committee are not members of Senatorial Districts 1, 2, 7, 13, 14, 15, 24 or 26.
In answer to your third question, if there is a conflict between a provision of the constitution of the Missouri State Democratic Party and a provision of state statutory law regarding the members of Senatorial District Committees of St. Louis County and St. Louis City, it is our view that the statutes would control. We have not been given information regarding the purported conflict. Therefore, we do not discuss this question in detail.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 131, Dames, 6/23/78